IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-546-BO

THEODORE JUSTICE,                          )
                                           )
                  Plaintiff,               )
                                           )        O R D E R
v.                                         )
                                           )
DIRECTOR EXCEPTIONAL                       )
CHILDREN'S DIVISION DIRECTOR               )
WILLIAM J. HUSSEY and HENDERSON            )
COLLEGIATE CHARTER SCHOOL                  )
CO-FOUNDER EXECUTIVE DIRECTOR              )
ERIC SANCHEZ,                              )
                                           )
                  Defendants.              )

This cause comes before the Court on motions to dismiss by defendants. Plaintiff, proceeding in this matter *pro se*, has responded and the matters are ripe for ruling. Also pending are several motions by plaintiff: a motion for appointment of counsel, motion for entry of default, motion to strike, motion for more definite statement, and motion for extension of time. Defendants have also filed motions for extension of time to complete discovery and for extension of time to respond to requests for production.

For the reasons discussed below, this action is dismissed in its entirety.

## BACKGROUND

Plaintiff is a familiar litigant to the Court.[1] Plaintiff filed the instant action complaining of defendants' actions in regard to proceedings related to an Individual Education Plan (IEP) and

---

[1] *See J. ex rel. Son v. Farley*, 5:13-CV-343-D, 2014 WL 229127, at *1 n.1 (E.D.N.C. Jan. 21, 2014) (listing cases).

Behavior Intervention Plan (BIP) for his minor son. Plaintiff alleges that on March 26, 2015, he *requested* assistance with his son's education in the form of a complaint addressed to the North Carolina Board of Education. Plaintiff alleges that Bill Elvey, Consultant Dispute Resolution, Department of Public Instruction, was assigned the complaint on March 31, 2015, and that Elvey delayed moving forward on plaintiff's complaint. Plaintiff contends that the basis given for the delay – the pendency of a due process petition filed by plaintiff – was false as there was no petition pending and was otherwise in violation of 30 C.F.R. § 300.152(c). Plaintiff claims that Elvey's eventual investigation of his complaint was in violation of a requirement that complaints be resolved within sixty days. 30 C.F.R. § 300.152(a). Although plaintiff apparently agreed to participate in a facilitated IEP meeting in lieu of pursuing his complaint, this alternative process was abandoned when the school learned that two complaints against it had been filed by plaintiff. Plaintiff contends that this violated his and his son's rights. Finally, plaintiff alleges that defendants Hussey and Sanchez have conspired to ignore plaintiff's March 26, 2015, complaint and change its wording in order to render the complaint meaningless.

Plaintiff filed this action seeking damages, declaratory, and injunctive relief under 42 U.S.C. § 1983 for violations of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff also alleges he suffered retaliatory actions for filing complaints under 42 U.S.C. §§ 1985(2) and (3). Plaintiff further alleges violations of the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. § 1400 *et seq*. Plaintiff seeks an injunction ordering defendants to provide adequate services to plaintiff's son and assistance in forming adequate IEP/BIPs, as well as a declaration that defendants' actions have violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

DISCUSSION

Both defendants[2] have moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1);(6).[3] Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A

---

[2] It appears from the face of plaintiff's complaint and the substance of his response in opposition to the motions to dismiss that there are two named defendants in this action: William J. Hussey, Director Exceptional Children's Division and Eric Sanchez, Henderson Collegiate Charter School Co-Founder Executive Director. The clerk is DIRECTED to terminate from the docket as parties to this action defendant "Director Exceptional Children's Division" and defendant "Henderson Collegiate Charter School." The clerk shall further amend the docket to reflect the full titles of defendants Hussey and Sanchez as provided in plaintiff's complaint.

[3] Defendant Sanchez has also moved to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure due to plaintiff's failure to attach documents referenced in his complaint. Because plaintiff was granted leave to proceed *in forma pauperis* (IFP), service was effected by the United States Marshals Service (USM). Plaintiff attached two exhibits to his complaint which was filed along with his motion to proceed IFP [DE 1-2 & 1-3]; it would appear that these exhibits were not attached to plaintiff's complaint by the clerk when it was submitted to the USM to effect service. In light of the propriety of dismissal of the complaint on other grounds, however, the Court declines to consider Sanchez's Rule 12(b)(5) argument.

complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A.  IDEA claims

The Court dismisses plaintiff's claims under the IDEA for lack of subject matter jurisdiction. The IDEA was enacted in part

> to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living.

20 U.S.C. § 1400(d)(1)(A). Prior to filing an action in United States District Court for claims under the IDEA, a parent must exhaust his administrative remedies. 20 U.S.C. § 1415(i)(2)(a). A person wishing to file suit under the IDEA in North Carolina must first file a petition with the Office of Administrative Hearings (OAH). *See E.L. ex rel. G.L. v. Chapel Hill-Carrboro Bd. of Educ.*, 975 F. Supp. 2d 528, 532 (M.D.N.C. 2013) (citing N.C. Gen. Stat. § 115C-109.6). A person may then appeal the decision at the OAH level to the State Board of Education which, "through its Exceptional Children Division, appoints an SRO [State Review Officer] to review the ALJ's findings appealed and issue an independent decision." *Id.* Following a decision by the SRO, a person has ninety days within which to file suit in federal court. 20 U.S.C. section 1415(i)(2)(B).

Plaintiff has failed to allege, nor has he demonstrated in response to the instant motion, that he has properly exhausted his administrative remedies or that one of the narrow exceptions to the exhaustion requirement applies. *See MM ex rel. DM v. Sch. Dist. of Greenville County*,

4

303 F.3d 523, 536 (4th Cir. 2002). Plaintiff alleges that he has exhausted his administrative remedies by filing a complaint and receiving a decision from the Department of Public Instruction. [DE 6 at 2]. This fails to satisfy plaintiff's burden to demonstrate exhaustion. The Court would further note that plaintiff is "not uninformed," *Id.* at 536, of the IDEA's exhaustion requirement as it has formed the basis for dismissal of such claims in at least two prior cases brought by plaintiff in this Court. *See J. ex rel. Son v. Farley*, 5:13-CV-343-D, 2014 WL 229127, at *7 (E.D.N.C. Jan. 21, 2014); *J. v. Granville County Bd. of Educ.*, 5:10-CV-350-BR, 2010 WL 4668791, at *2 (E.D.N.C. Sept. 2, 2010) *report and recommendation adopted,* 5:10-CV-00350-BR, 2010 WL 4668774 (E.D.N.C. Oct. 19, 2010). Plaintiff's failure to exhaust his administrative remedies is also fatal to any claim brought for retaliation under the IDEA as his retaliation claim is directly related to his claims under the IDEA. *See M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1158-59 (11th Cir. 2006) (where retaliation claim is clearly related to student's evaluation and education it is subject to IDEA exhaustion requirement).

Accordingly, plaintiff's IDEA claims as to both defendants are hereby dismissed.[4]

B.   Civil rights claims

Plaintiff alleges claims for violation of his Fourteenth Amendment rights under 42 U.S.C. § 1983 and for civil conspiracy pursuant to 42 U.S.C. § 1985. All of plaintiff's allegations arise out of his son's IEP and BIP as well as his son's ability to receive a free appropriate public education. However, a plaintiff "cannot sue under section 1983 for alleged IDEA violations." *Sellers by Sellers v. Sch. Bd. of City of Mannassas, Va.*, 141 F.3d 524, 532 (4th Cir. 1998). Insofar as plaintiff has alleged an equal protection claim, he must be able to demonstrate that he

---

[4] The Court notes that although plaintiff has clarified in his response to the motions to dismiss that he is not attempting to litigate a claim on behalf of his minor child, *see e.g.* [DE 43 at 3], "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers v. Loudoun County Pub. Schools*, 418 F.3d 395, 401 (4th Cir. 2005).

5

has been treated differently from other similarly situated individuals and that this treatment was the result of intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff's complaint, even liberally construed, is devoid of any allegation that he has been treated differently from any other similarly situated person.

Insofar as plaintiff has alleged a due process claim, plaintiff's complaint also fails. In order to allege a procedural due process claim, plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012) (citation omitted). Plaintiff has alleged that the failure to move ahead with a facilitated IEP meeting violated his and his son's rights. Plaintiff has failed to allege, however, that he has a cognizable liberty or property interest in a voluntary IEP facilitation meeting. Nor has plaintiff alleged that the procedures employed were somehow constitutionally inadequate. Plaintiff has further not alleged that any official conduct which would "shock the conscience" such that a claim for violation of his substantive due process rights would be supported. *See e.g. Waybright v. Frederick County, MD*, 528 F.3d 199, 205 (4th Cir. 2008). As above, even though the Court has construed plaintiff's *pro se* complaint liberally, he has simply failed to state a plausible due process claim.

Plaintiff has further failed to state a claim for civil conspiracy under § 1985 as he has not alleged any invidiously discriminatory motive on behalf of defendants, *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993), nor has he alleged any concrete facts which would demonstrate that defendants entered into an agreement to deprive plaintiff of his constitutional rights. *See Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Because plaintiff

6

Case 5:15-cv-00546-BO Document 63 Filed 04/20/16 Page 6 of 8

has failed to state a claim for the denial of a federally protected right, any claim for conspiracy under § 1983 fails as well. *See Gray v. Laws*, 915 F. Supp. 762, 763 (E.D.N.C. 1994).

C.    Remaining motions

Plaintiff's motion for appointment of counsel is denied as he has not demonstrated any extraordinary circumstance which would support the appointment of counsel. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's motion for entry of default is denied. Plaintiff contends that defendant Hussey was served with a copy of the summons and complaint on November 23, 2015, and that default should be entered against him for failing to answer or otherwise respond to the complaint within twenty-one days. Fed. R. Civ. P. 55(a). The docket reflects that summonses were issued on November 23, 2015, but does not reflect that service was effected on defendant Hussey as the mail was returned as undeliverable. [DE 41 & 42]. However, defendant Hussey filed a motion to dismiss on December 22, 2015, within twenty-one days of the date defendant Hussey has stated that he received a copy of the complaint. [DE 34-1]. Plaintiff's motion for entry of default and related motion to strike defendant Hussey's motion to dismiss as untimely are denied.

Plaintiff's motion for more definite statement of defendant Hussey's defenses is denied. Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed" if the contents of the pleading are too vague to compose an adequate response. Fed. R. Civ. P. 12(e). A response to a motion to dismiss is not a responsive pleading, and thus plaintiff may not seek clarification. *See generally* 5B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1348 (3d. ed.). The Court further declines plaintiff's request to strike defendant Hussey's motion to dismiss as plaintiff has not demonstrated any

Plaintiff's motion for extension of time within which to respond to defendant Sanchez's motion to dismiss is granted and the Court deems timely the response filed at docket entry fifty-two repeating and re-alleging the responses contained in plaintiff's response to Hussey's motion to dismiss. The defendants' motions seeking extensions of time and a stay related to discovery are denied as moot.

As a final matter, the Court notes that plaintiff has failed to comply with an order of this Court requiring him in any future case in which he applied to proceed without prepayment of costs to submit a copy of the order entered May 17, 2012, in case No. 5:10-CV-539-BR dismissing four of plaintiff's actions upon determination that plaintiff's allegations of poverty in his motion to proceed *in forma pauperis* were untrue.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [DE 20 & 35] are GRANTED and this action is dismissed in its entirety. Plaintiff's motion to appoint counsel [DE 27], motion for entry of default [DE 28], motion to strike [DE 29], and motion for more definite statement [DE 32] are DENIED. Plaintiff's motion for extension of time to respond [DE 51] is GRANTED. Defendants' motions to stay discovery [DE 39 & 44] and motions for extensions of time to complete and respond to discovery [DE 48 & 50] are DENIED AS MOOT.

SO ORDERED, this ___ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE