IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-546-BO

THEODORE JUSTICE, )
)
Plaintiff, )
) ORDER
v. )
)
DIRECTOR EXCEPTIONAL )
CHILDREN'S DIVISION DIRECTOR )
WILLIAM J. HUSSEY and HENDERSON )
COLLEGIATE CHARTER SCHOOL )
CO-FOUNDER EXECUTIVE DIRECTOR )
ERIC SANCHEZ, )
)
Defendants. )

This cause comes before the Court on plaintiff's motion to amend or to reconsider or to vacate the judgment [DE 70] as well as plaintiff's supplemental motion. [DE 72]. The time for filing the appropriate responses and replies having expired, the motions are ripe for adjudication. For the reasons discussed below, plaintiff's motions are denied.

BACKGROUND

Plaintiff, proceeding *pro se*, filed this action complaining of defendants' actions in regard to proceedings related to an Individual Education Plan (IEP) and Behavior Intervention Plan (BIP) for his minor son. Plaintiff sought damages, declaratory, and injunctive relief under 42 U.S.C. § 1983 for violations of his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff also alleged he suffered retaliatory actions for filing complaints under 42 U.S.C. §§ 1985(2) and (3) as well as violations of the Individuals with Disabilities Education Act (IDEA). 20 U.S.C. § 1400 *et seq.*

By order entered on the Court's docket on April 20, 2016, the Court granted defendants' motions to dismiss and dismissed plaintiff's complaint in its entirety. [DE 63]. On April 29, 2016, plaintiff moved for an extension of time within which to file a motion to reconsider or vacate the judgment. The Court granted plaintiff's motion, allowing him through and including May 13, 2016, to file a motion to reconsider or vacate the judgment. On May 16, 2016, plaintiff filed a motion to amend, reconsider, or vacate, and on June 2, 2016, filed his supplemental motion.[1]

## DISCUSSION

Plaintiff has moved under Rules 52(b), 59, and 60 of the Federal Rules of Civil Procedure to amend or make additional findings or to vacate or reconsider the judgment. Plaintiff's motion asserts that his IDEA claims were improperly dismissed because exhaustion of administrative remedies is not a jurisdictional bar to suit. As it relates to the instant matter, plaintiff further argues that defendants should have known they were violating plaintiff's rights, that the Court has misinterpreted the law regarding state complaints, and that plaintiff has demonstrated the need for appointment of counsel. Plaintiff's motion makes further reference to the IDEA and its requirements generally, as well as to other cases, attorneys, and parties.

Rule 52(b) provides that upon a proper motion a court may amend or make additional findings and amend the judgment accordingly. Fed. R. Civ. P. 52(b). "Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding; however, a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend." *Orem v. Rephann*,

---

[1] Although Rule 6(b)(2) of the Federal Rules of Civil Procedure expressly provides that the time for filing motions under Rules 52(b), 59(e), and 60(b) must not be extended, plaintiff's motion was, notwithstanding any extension of time permitted, filed within twenty-eight days of the entry of judgment and is therefore timely.

2

523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J. concurring) (abrogated on other grounds).

Thus, the Court considers plaintiff motions as filed under Rule 59(e) and Rule 60.

I.   RULE 59(e)

A court may alter or amend the judgment under Rule 59(e)[2] "if the movant shows either (1) an intervening change in controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp, LLC,* 599 F.3d 403, 407 (4th Cir. 2010). The grant or denial of a Rule 59(e) motion lies within the court's discretion, *id.,* and a "motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted).

The Court in its discretion denies plaintiff's motion under Rule 59(e). Plaintiff has identified no change in controlling law and no new evidence that was not previously available. Plaintiff has further failed to identify a clear error of law or manifest injustice. Plaintiff's argument that the Court erred in holding that his IDEA claims must be dismissed for failure to exhaust is at bottom a reiteration of his opposition to the motion to dismiss, and plaintiff has not presented the Court with any basis upon which to find that its dismissal of plaintiff's complaint was "dead wrong." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (citation omitted). Plaintiff's reliance on *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3rd Cir. 1997), which holds that under certain limited circumstances courts may equitably toll the filing requirements under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, to argue that the exhaustion requirement under the IDEA should have been tolled in this instance is misplaced. Further, the Court has considered whether and concluded that plaintiff did not meet any of the

---

[2] Although plaintiff has moved under Rule 59 generally, the Court construes his motion under Rule 59(e) as it would provide the relief which plaintiff seeks.

3

narrow exceptions to the exhaustion requirements required by the IDEA. *See MM ex rel. DM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002). Nor has plaintiff demonstrated that the Court committed clear error in dismissing plaintiff's additional claims under Rule 12(b)(6) or in denying plaintiff's request for appointed counsel.

Plaintiff has failed to satisfy his burden under Rule 59(e) and his request to alter or amend the judgment is denied.

II.     RULE 60

A motion under Rule 60(b)[3] allows a court "to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (citation omitted). A motion under Rule 60(b) must be timely filed on just terms, the movant must have a meritorious defense to the action, and the opposing party must not be unfairly prejudiced by having the judgment set aside. Fed. R. Civ. P. 60(b); *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (citation omitted). The "catchall" provision of Rule 60(b)(6) may only be invoked in exceptional circumstances. *Aikens*, 652 F.3d at 500.

Plaintiff has failed to demonstrate the threshold requirement that he has a meritorious defense. As discussed above, plaintiff's argument that the Court improperly dismissed his IDEA claim for failure to exhaust is without merit. Further, though he does not make an express argument as such, the Court does not find that plaintiff has a meritorious defense to the Court's holding that plaintiff failed to state plausible claims for relief under Rule 12(b)(6). However, even assuming without deciding that plaintiff could satisfy the threshold requirements, he has not

---

[3] Although plaintiff has moved under Rule 60 generally, the Court construes his motion under Rule 60(b) as plaintiff has not identified any clerical mistake, oversight, or omission. Fed. R. Civ. P. 60(a).

4

demonstrated on the merits that he should be granted relief under any of the provisions of Rule 60. *See Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

Plaintiff has not specifically identified any of the enumerated provisions of Rule 60 which he contends would provide a basis for relief.[4] Conducting its own review, the Court finds no evidence of mistake, excusable neglect, newly discovered evidence,[5] fraud, misconduct, satisfaction or discharge of the judgment, or reversal or vacatur of a judgment on which the judgment in this action is based. Fed. R. Civ. P. 60(b)(1), (2), (3), (5). There is further no suggestion that the judgment entered in this action is void. *Id.* at (b)(4). The Court thus concludes that plaintiff most likely intends to proceed under Rule 60(b)(6)'s catchall provision, which allows for relief from judgment based on any other reason which would justify it.

As noted above, relief under Rule 60(b)(6) is available only in extraordinary circumstances. Furthermore, "if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," it will be determined to be an "inappropriate substitute for an appeal." *Aikens*, 652 F.3d at 501. Plaintiff in this matter has already noticed a direct appeal of this Court's order dismissing his complaint. [DE 66].[6] His motions fail to

---

[4] "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

[5] Although plaintiff has attached to his motions subsequent decisions by the Office of Administrative Hearings and the State Board of Education, "[e]vents occurring after trial are not 'newly discovered evidence' within the meaning of 60(b)(2)." *Lowe v. Mercedes Benz of N.A., Inc.*, 103 F.3d 118 (4th Cir. 1996). Nor do these documents provide evidence that plaintiff in fact exhausted his claims prior to filing the instant action.

[6] Although the notice of appeal was filed before plaintiff's motions for relief from judgment, this Court retains jurisdiction to consider the Rule 59 Rule 60 requests. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999).

demonstrate any extraordinary circumstance which would justify relief from judgment, and his arguments are more properly considered on review. *See, e.g., Bernstein v. Extendicare Health Servs., Inc.*, 653 F. Supp. 2d 939, 948 (D. Minn. 2009) (extraordinary circumstances for Rule 60(b)(6) relief not present where, *inter alia*, plaintiff's claims were fully and fairly considered and pending appeal would allow plaintiff to pursue any claims of error).

For these reasons the Court denies plaintiff's request for relief from judgment under Rule 60.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion to amend, reconsider, or vacate the judgment [DE 70] and supplemental motion [DE 72] are DENIED.

SO ORDERED, this 15 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:15-cv-00546-BO   Document 75   Filed 07/15/16   Page 6 of 6